A98A0146. NORTHSIDE WOOD FLOORING, INC. v. BORST et al.
A98A0147. CALHOUN/JOHNSON COMPANY v. SYLTE et al.
(502 SE2d 508)

JOHNSON, Judge.

These cases involving materialmen's liens have been consolidated on appeal because they involve nearly identical factual and legal issues.

The pertinent facts of Case No. A98A0146 are as follows: Northside Wood Flooring, Inc. supplied materials to Mike Rice d/b/a Mike Rice Construction for use in his construction of a home for William and Dorothy Borst. On March 17, 1995, when Rice failed to pay Northside, Northside filed a claim of lien against the Borsts' property. The claim of lien alleged the debt came due on March 1, 1995. On March 31, 1995, Northside sued Rice in Barrow County. Northside filed a notice of the suit on April 7, 1995, in Greene County, where the improved property is located. In May 1995, Rice filed a Chapter 7 bankruptcy petition. In September 1995, Northside filed a proof of claim against Rice in bankruptcy court.

On March 8, 1996, Northside sued the Borsts in Greene County alleging that: the Borsts owned the improved property; they contracted with Rice who subcontracted with Northside to furnish the materials; Northside furnished the materials; the Borsts failed to pay Northside; Northside recorded a lien against the property; and Northside sued the contractor but did not obtain a judgment because

the contractor filed bankruptcy. Northside prayed for a special lien on the property. The Borsts answered and moved for summary judgment, alleging the lien was unenforceable because Northside failed to sue them within 12 months after the claim came due and failed to file notice of the suit against them, when both procedures were required by OCGA § 44-14-361.1 (a) (4).

The following facts are relevant to Case No. A98A0147: Calhoun/Johnson Company d/b/a Williams Brothers Lumber Company ("Williams Bros.") also furnished materials to Rice. These materials were used in the construction of a home for Richard and Janie Sylte. On March 13, 1995, after Rice failed to pay Williams Bros. for the materials, Williams Bros. filed a claim of lien against the Sylte property, alleging the claim came due on February 10, 1995. Williams Bros. sued Rice in Barrow County for money damages on March 20, 1995, and filed a notice of the suit against Rice on March 23, 1995. It is not clear from the record whether Williams Bros. filed a proof of claim in Rice's bankruptcy case.

Williams Bros. filed suit in Greene County against the Syltes on February 27, 1996, alleging that it contracted with Rice to provide materials for use in building the Syltes' home. The complaint alleged further that the Syltes breached the contract by failing to pay Williams Bros. and that Williams Bros. sued Rice to recover the debt, but no judgment against Rice was obtained due to his bankruptcy. Williams Bros. prayed for a special lien upon the property. The Syltes moved for summary judgment on the same bases as the Borsts, namely: Williams Bros. failed to file suit against them within 12 months after the claim came due and failed to file notice of this suit.

Without specifying its reasons therefor, the trial court entered summary judgment in favor of the Syltes and the Borsts (collectively "the property owners"). In Case No. A98A0146, Northside appeals from the grant of summary judgment to the Borsts. In Case No. A98A0147, Williams Bros. appeals from the grant of summary judgment to the Syltes. For the reasons which follow, we affirm the grant of summary judgment in both cases.

1. Materialmen may obtain special liens on property for which they furnish materials if the liens are created and declared in accordance with OCGA § 44-14-361.1. OCGA §§ 44-14-361.1 (a); 44-14-361. OCGA § 44-14-361.1 (a) provides that a lien claimant's failure to comply with any of the provisions of the statute renders the lien unenforceable.

OCGA § 44-14-361.1 (a) (3) provides, in relevant part, that a materialman must commence an action to recover the amount of the claim within 12 months of the time the claim becomes due and he must, within 14 days of filing the action, file a notice of the suit.

OCGA § 44-14-361.1 (a) (4) provides, in part, that where a con-

tractor is adjudicated bankrupt or, if after an action is filed, no final judgment can be obtained against the contractor because of his adjudication in bankruptcy, the materialman need not file an action or obtain judgment against the contractor before enforcing a lien against the improved property. This subsection further provides that the materialman may enforce the lien directly against the property by filing an action against the owner within 12 months from the time the lien becomes due. It also states that the lien claimant, within 14 days after filing the action, must file a notice of the action which includes, among other things, the court in which the action was filed, the date the action was filed, the style, case number and parties' names.

2. Northside and Williams Bros. (collectively "the materialmen") concede that they never filed notices of the suits they commenced against the property owners. They contend, however, that the notice requirement of OCGA § 44-14-361.1 (a) (4) does not apply because they previously filed notices of the suits against Rice when they commenced their actions against him. Their compliance with the notice requirement of OCGA § 44-14-361.1 (a) (3), they maintain, was sufficient to satisfy the statute. We disagree.

First, while the actions against Rice were based on subsection (a) (3), the actions filed against the property owners were clearly based on subsection (a) (4). The complaints alleged that the contractor was bankrupt, that no judgment was obtained against him, and that the action was against the owner of the property. These allegations relate to actions brought pursuant to subsection (a) (4) rather than (a) (3). Because the materialmen were relying on subsection (a) (4), they were required to comply with that subsection, though they failed to do so.

Second, compliance with one section of the lien statute does not eliminate the need to comply with another section. As we stated previously, the statute specifically provides that failure to comply with any of its provisions renders the lien unenforceable. OCGA § 44-14-361.1 (a). We find no support for the proposition that filing a notice of suit in connection with an action brought against a contractor satisfies the requirement that notice be filed in connection with a suit subsequently filed against a property owner. Indeed, statutory language indicates the contrary.

Third, the history of the materialmen's lien statute evidences a legislative intent to require filing notice in every action brought pursuant to OCGA § 44-14-361.1 (a). See in this regard Judge Pope's special concurrence in *Eurostyle v. Jones*, 197 Ga. App. 188 (397 SE2d 620) (1990). Although presently both of the subsections at issue expressly require the filing of a notice of "*such action*," this has not always been the case. Prior to 1989, OCGA § 44-14-361.1 (a) (4) did

not require the filing of a notice; only subsection (a) (3) did. See *Noland Co. v. Ford Motor Co.*, 258 Ga. 469, 470 (2), (3) (369 SE2d 910) (1988). In 1989, however, the legislature amended OCGA § 44-14-361.1 (a) (4) to require that a lien claimant seeking to enforce a lien directly against the property owner *must* file a notice of the action. Had the legislature intended to exempt a materialman who had previously filed a notice of an action against a contractor from having to file a notice of a subsequent action against a property owner, it could have so provided. It did not.

Finally, as a practical matter, the notices filed in connection with the actions against Rice did not constitute notice of the later suits brought against the property owners. Both subsections (a) (3) and (a) (4) require that the notice identify the court in which the action is brought, the style and number of the action, including party names, and the date the action was filed. The cases against the property owners involved different parties, had different names, action numbers, and filing dates, and were brought in different counties from those actions brought against Rice. Thus, notice of the suits against the contractor did not notify persons of the suits against the property owners.

The materialmen argue on appeal that Rice has not yet been adjudicated a bankrupt, but has only *filed* a bankruptcy petition, and therefore does not come within the purview of subsection (a) (4). This argument is without merit. See *Reid v. Harbin Lumber. Co. &c.*, 172 Ga. App. 615, 616-617 (1) (323 SE2d 845) (1984) (contractor comes within meaning of "adjudicated a bankrupt" language of OCGA § 44-14-361.1 (a) (4) by filing voluntary petition in bankruptcy).

Because the lien statute is in derogation of the common law, it must be strictly construed in favor of the property owners and against the materialmen. *Palmer v. Duncan Wholesale*, 262 Ga. 28, 30 (1) (413 SE2d 437) (1992). "[O]ne who claims a lien must bring himself clearly within the law." (Citation and punctuation omitted.) *Law Office &c. v. Baker*, 185 Ga. App. 809, 810 (366 SE2d 167) (1988). The materialmen have failed to do so in these cases. There being no genuine issues of material fact remaining as to whether the materialmen can enforce their claims of lien, the trial court did not err in granting summary judgment to the property owners. See *Metromont Materials Corp. v. Cargill,* 221 Ga. App. 853, 855 (473 SE2d 498) (1996).

3. In light of the foregoing, we need not reach the issue of whether the materialmen commenced their actions against the property owners within the statutory time limits.

*Judgments affirmed. Birdsong, P. J., and Smith, J., concur.*

Decided May 19, 1998 —

*Jackel, Rainey, Marsh & Busch, James C. Busch, Chad K. Reed*, for appellants.

*Blasingame, Burch, Garrard, Bryant & Ashley, William S. Ashley, Jr., Lloyd N. Bell*, for appellees.