A98A2311. CALHOUN/JOHNSON COMPANY v. HOUSTON FAMILY TRUST NO. 1.
(513 SE2d 759)

RUFFIN, Judge.

Calhoun/Johnson Company d/b/a Williams Brothers Lumber Company brought suit against the Houston Family Trust No. 1 (the "Trust") to enforce a materialman's lien pursuant to OCGA § 44-14-361.1. The Trust filed a motion for summary judgment, claiming that the lien was unenforceable. The trial court granted the motion, and Williams Brothers appeals. We affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). So viewed, the evidence establishes that on March 1, 1994, the Trust entered into a contract with Walden Homes, Inc. for Walden to build a house at Oakton Subdivision in Cobb County. Walden, in turn, entered into a contract with Williams Brothers in which Williams Brothers provided building supplies and materials for the building of the house. When Walden did not pay for the supplies by the April 26, 1994 due date, on June 30, 1994, Williams Brothers filed a material-man's claim of lien against the Trust's property in the amount of $35,177.31. On November 2, 1994, Williams Brothers sued Walden to enforce the lien, but was unable to obtain a judgment because Walden had declared bankruptcy. On April 21, 1995, Williams Brothers filed suit against the Trust, as the property owner, to enforce the lien. The Trust moved for summary judgment, claiming that the lien was unenforceable because Williams Brothers failed to comply with the notice requirement in OCGA § 44-14-361.1 (a) (4).

According to OCGA § 44-14-361.1, liens "must be created and declared in accordance with the following provisions, and *on failure of any of them* the lien shall not be effective or enforceable." (Emphasis supplied.) OCGA § 44-14-361.1 (a). OCGA § 44-14-361.1 (a) (4) provides, in pertinent part, that "if the contractor . . . shall be adjudicated a bankrupt . . . the person or persons furnishing material, services, labor, and supplies shall be relieved of the necessity of filing an action or obtaining judgment against the contractor . . . as a prerequisite to enforcing a lien against the property improved by the

contractor or subcontractor. Subject to Code Section 44-14-361, the person or persons furnishing material, services, labor, and supplies may enforce the lien directly against the property so improved in an action against the owner thereof, if filed within 12 months from the time the lien becomes due. . . . Within 14 days after filing such action, the party claiming the lien shall file a notice with the clerk of the superior court of the county wherein the subject lien was filed."

In this case, Williams Brothers admittedly did not file a notice with the clerk of Cobb County within 14 days after filing its action against the Trust as required by OCGA § 44-14-361.1 (a) (4). However, prior to proceeding against the Trust, Williams Brothers sought to recover from Walden and filed notice pursuant to OCGA § 44-14-361.1 (a) (3). In two enumerations of error, Williams Brothers contends that since it timely filed notice of claim to enforce the lien against Walden pursuant to OCGA § 44-14-361.1 (a) (3), then, as a matter of law, it is not required to file a second notice pursuant to OCGA § 44-14-361.1 (a) (4) in connection with this action against the Trust. However, this exact issue was decided adversely to Williams Brothers in *Northside Wood Flooring v. Borst*, 232 Ga. App. 569 (502 SE2d 508) (1998).

In *Northside Wood*, two subcontractors furnished building materials to a general contractor for use in building two residences. When the general contractor failed to pay the subcontractors, they filed notices of liens against the two residences and brought suits against the general contractor pursuant to OCGA § 44-14-361.1 (a) (3). After the general contractor filed a bankruptcy petition, the subcontractors sought to enforce the liens against the homeowners. Neither subcontractor filed separate notices in connection with the suits against the homeowners, claiming that their compliance with the notice requirements of OCGA § 44-14-361.1 (a) (3) satisfied the notice requirements of OCGA § 44-14-361.1 (a) (4). This Court disagreed, noting that "compliance with one section of the lien statute does not eliminate the need to comply with another section." *Northside Wood*, supra at 571 (2). Here, as in *Northside Wood*, "[t]he complaint[ ] alleged that the contractor was bankrupt, that no judgment was obtained against him, and that the action was against the owner of the property. These allegations relate to actions brought pursuant to subsection (a) (4) rather than (a) (3). Because the [materialman was] relying on subsection (a) (4), [it was] required to comply with that subsection." Id. Thus, the trial court properly granted the Trust's motion for summary judgment based upon the subcontractor's failure to file a notice of lien in accordance with subsection (a) (4). Id.

"A materialman's lien effectively permits the transfer of liability from the person who actually contracted with the materialman for

materials to be used in improving real estate to the owner of the improved property, even though that property owner usually will have no relationship with the materialman, contractual or otherwise. Consequently, we have long recognized that statutes involving materialman's liens must be strictly construed in favor of the property owner and against the materialman." *Palmer v. Duncan Wholesale*, 262 Ga. 28, 29-30 (1) (413 SE2d 437) (1992). Accordingly, the trial court properly construed OCGA § 44-14-361.1 (a) (4) in favor of the Trust and against Williams Brothers.

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED MARCH 5, 1999.

*Jackel, Rainey, Marsh & Busch, James C. Busch, Chad K. Reed*, for appellant.

*Oliver, Duckworth, Sparger & Winkle, Kevin W. Sparger*, for appellee.