A07A0186. ACTION CONCRETE v. PORTRAIT HOMES — LITTLE SUWANEE POINT, LLC.
(647 SE2d 353)

BERNES, Judge.

Action Concrete appeals from the trial court's order dismissing its materialman's lien claim for failure to fully comply with OCGA § 44-14-361.1 (a) (3). Because Action Concrete did not comply with the 14-day notice requirement imposed by that statutory subsection, we affirm.

The record reflects that Action Concrete is a materialman engaged in the business of furnishing and installing concrete curb and paving. On or about June 6, 2004, Action Concrete entered into a

---

subcontract agreement with general contractor B & A Construction Company ("B & A") under which Action Concrete agreed to furnish labor and materials for concrete improvements made to property owned by appellee Portrait Homes — Little Suwanee Point, LLC ("Portrait") in return for $79,812.25.

According to Action Concrete, it had furnished all labor and materials required under the subcontract agreement as of December 23, 2004. Yet, B & A still owed Action Concrete $15,867.03 for the work performed under the subcontract agreement. As a result, on February 18, 2005, Action Concrete filed a claim of lien on the property owned by Portrait for the amount of remaining indebtedness in the Gwinnett County Superior Court.

On the same day that Action Concrete filed its claim of lien, B & A filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia. On June 23, 2005, Action Concrete filed a proof of claim in B & A's bankruptcy proceeding. But, Action Concrete did not file a notice of that action, per OCGA § 44-14-361.1 (a) (3), with the clerk of the Gwinnett County Superior Court within 14 days of filing its proof of claim.

On December 1, 2005, Action Concrete filed the instant civil action against Portrait in which it sought to enforce its materialman's lien directly against Portrait's property.[1] Portrait answered and moved to dismiss the lien claim. In conjunction with its motion, Portrait submitted an affidavit with attached exhibits to show that Action Concrete had filed a proof of claim in B & A's bankruptcy proceeding. Portrait also asserted that there was no record evidence that Action Concrete had ever filed notice of that bankruptcy action with the clerk of the superior court. Consequently, Portrait argued that the lien claim should be dismissed on the ground that Action Concrete had failed to comply with the statutory notice requirement set forth in OCGA § 44-14-361.1 (a) (3) of the Georgia materialman's lien statute.

The trial court initially denied Portrait's motion, but later granted it on motion for reconsideration. In granting the motion, the trial court concluded that the proof of claim filed by Action Concrete in the federal bankruptcy proceeding constituted the "commencement of an action" under OCGA § 44-14-361.1 (a) (3). As such, the trial court ruled that pursuant to that statutory subsection, Action Concrete had been required to file a notice of the commencement of that action with the superior court clerk within 14 days of filing its proof of claim, but had failed to do so. The trial court further held that this failure barred

---

[1] Action Concrete also initially pursued a claim against Portrait for quantum meruit. That claim was later dismissed by the trial court and is not at issue in this appeal.

Action Concrete from enforcing its lien against the general contractor, B & A, or against the property owner, Portrait. Action Concrete now appeals.

1. Initially, we note that the trial court clearly considered matters outside the complaint in resolving Portrait's motion, given that evidence concerning the proof of claim filed by Action Concrete was not contained within the allegations of the complaint but rather in the affidavit submitted by Portrait.

> When matters outside the pleadings are considered by the trial court on a motion to dismiss for failure to state a claim, the motion is converted to a motion for summary judgment pursuant to OCGA § 9-11-56, and the trial court has the burden of informing the party opposing the motion that the court will consider matters outside the pleadings and that, if the opposing party so desires, the party has no less than 30 days to submit evidence in response to the motion for summary judgment.

(Citations omitted.) *Gaddis v. Chatsworth Health Care Center*, 282 Ga. App. 615, 616-617 (1) (639 SE2d 399) (2006). Significantly, however, Action Concrete did not object in the lower court to the conversion of the motion to dismiss into one for summary judgment, and it does not challenge or address the conversion on appeal. Thus, any objection to the conversion has been waived. See *Davidson v. American Fitness Centers*, 171 Ga. App. 691, 693 (2) (320 SE2d 824) (1984).

2. As to the merits of the trial court's decision, we begin by noting that the provisions for perfecting a materialman's lien are found in OCGA § 44-14-361.1 (a). Under this subsection, once a claim of lien is timely filed, the lienholder must "commence[ ] . . . an action for the recovery of the amount of the . . . claim" against the contractor within 12 months of when the claim became due. OCGA § 44-14-361.1 (a) (3). See *Few v. Capitol Materials*, 274 Ga. 784, 784-785 (1) (559 SE2d 429) (2002). Then, "within 14 days after filing such action," the lienholder must file a notice of the commencement of the action "with the clerk of the superior court of the county wherein the subject lien was filed." OCGA § 44-14-361.1 (a) (3). See *Gwinnett-Club Assoc. v. Southern Elec. Supply Co.*, 242 Ga. App. 507, 508 (529 SE2d 636) (2000). "Filing the notice of commencement of the action is a prerequisite to the enforceability of the lien, and at the time the lienholder fails to file the notice, the lien becomes unenforceable." Id. at 509.

Applying these principles to the case at hand, we conclude that the trial court committed no error in dismissing Action Concrete's lien claim. As previously noted, Action Concrete filed a proof of claim

in B & A's federal bankruptcy proceeding on June 23, 2005, but never filed a notice of commencement for that action with the clerk of the superior court. Although Action Concrete argues that the filing of a proof of claim in bankruptcy court should not be considered the "commencement of an action" for purposes of OCGA § 44-14-361.1 (a) (3), the Supreme Court of Georgia and this Court have held otherwise. See *Melton v. Pacific Southern Mtg. Trust*, 241 Ga. 589, 593 (247 SE2d 76) (1978) (holding that the filing of a proof of claim in bankruptcy court "within 12 months from the time the amount became due satisfies the requirement of [OCGA § 44-14-361.1 (a) (3)] of commencement of an action for the recovery of the amount of the claim of lien"); *Newton Lumber & Supply v. Crumbley*, 161 Ga. App. 741, 742 (1) (290 SE2d 114) (1982) (holding that the filing of a proof of claim constitutes the commencement of an action, and that the failure to timely file notice of that action with the superior court clerk extinguishes the claim of lien). It follows that Action Concrete was required under OCGA § 44-14-361.1 (a) (3) to file a notice of the commencement of that action in the superior court within 14 days of filing its proof of claim. See *Newton Lumber & Supply*, 161 Ga. App. at 742 (1).

Action Concrete maintains, however, that the automatic stay entered in B & A's bankruptcy case pursuant to 11 USC § 362 prohibited the filing of the notice of commencement. This contention was addressed and rejected by this Court in *Gwinnett-Club Assoc.*, 242 Ga. App. at 509.[2] Hence, federal bankruptcy law placed no barrier upon Action Concrete's ability to timely file a notice of commencement after filing its proof of claim, and its failure to do so rendered its lien unenforceable. Id. See also *Newton Lumber & Supply*, 161 Ga. App. at 742 (1).

Finally, Action Concrete emphasizes that its lien claim against Portrait was a proceeding against the property owner filed pursuant to OCGA § 44-14-361.1 (a) (4), not OCGA § 44-14-361.1 (a) (3). As such, Action Concrete argues that its failure to comply with the notice requirement of subsection (a) (3) has no bearing on its lien claim against Portrait. We disagree. Once Action Concrete chose to commence an action against the contractor pursuant to OCGA § 44-14-361.1 (a) (3) by filing a proof of claim but then failed to file a notice of

---

[2] Action Concrete suggests that this Court should reconsider its ruling in *Gwinnett-Club Assoc.* based on the reasoning of the United States Bankruptcy Court for the Southern District of Georgia found in the subsequent decision of *In re Durango Ga. Paper Co.*, 297 BR 316 (Bankr. S.D. Ga. 2003). But, later in that same case, the bankruptcy court disavowed its prior reasoning and concluded that the automatic stay provision of the bankruptcy code does not prohibit or toll the time for filing a notice of commencement. See *In re Durango Ga. Paper Co.*, 356 BR 305, 310-313 (Bankr. S.D. Ga. 2005).

commencement as required by that statutory subsection, its lien claim was eternally extinguished and could not be revived in a subsequent action brought against the property owner pursuant to OCGA § 44-14-361.1 (a) (4). See *Gwinnett-Club Assoc.*, 242 Ga. App. at 509-510.[3] See also *Weber Air Conditioning v. Triple-R Pooler*, 245 Ga. App. 590, 592 (538 SE2d 499) (2000); *Palmer v. Duncan Wholesale*, 262 Ga. 28, 31 (2) (413 SE2d 437) (1992). "Although, as we have noted, this result seems harsh, it is consistent both with the requirements of the lien statute and with the longstanding principle that statutes involving materialman's liens must be strictly construed in favor of the property owner and against the materialman." (Punctuation and footnote omitted.) *Weber Air Conditioning*, 245 Ga. App. at 592. Since Action Concrete's lien was unenforceable, the trial court did not err in granting Portrait's motion to dismiss the lien claim.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JUNE 4, 2007.

*Dreger, Coyle, McClelland, Bergman & Pieschel, Nicholas J. Pieschel*, for appellant.

*Albert L. Norton, Jr., Harry L. Sivley III*, for appellee.

---

[3] Action Concrete's reliance upon *Noland Co. v. Ford Motor Co.*, 258 Ga. 469 (369 SE2d 910) (1988) is misplaced. In contrast to what occurred in the instant case, in *Noland* the lienholder never commenced an action against the bankrupt contractor pursuant to OCGA § 44-14-361.1 (a) (3) prior to commencing an action directly against the property owner. See *Palmer*, 262 Ga. at 30-31 (2) (discussing *Noland*). Action Concrete's reliance upon *Reid v. Harbin Lumber Co. of Royston*, 172 Ga. App. 615 (323 SE2d 845) (1984) is likewise unavailing. That case addressed the issue of whether a lienholder has to obtain a *judgment* against a contractor who has filed for bankruptcy before bringing an action against the property owner under OCGA § 44-14-361.1 (a) (4), see *Reid*, 172 Ga. App. at 618 (1), not the issue of whether a lienholder may bring an action against the property owner after failing to timely provide notice of the commencement of an action against the contractor.