**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 25, 2023**

# In the Court of Appeals of Georgia

A23A0782. WEST MAIN I, LLC. v. SITEONE LANDSCAPE
SUPPLY, LLC.

RICKMAN, Judge.

In this interlocutory appeal, West Main I, LLC challenges the trial court's order denying its motion for summary judgment in a materialman's lien action brought by SiteOne Landscape Supply, LLC. West Main contends that the trial court erred in concluding that SiteOne was not required to comply with the statutory notice requirements of OCGA § 44-14-361.1 (a) (3). For the reasons that follow, we affirm.

"This Court applies a de novo review to the grant or denial of summary judgment, viewing the evidence in the light most favorable to the non-movant." *Duke Builders v. Massey*, 351 Ga. App. 535, 535 (831 SE2d 172) (2019). So viewed, the evidence shows that West Main is the owner and developer of a town home project

in Fulton County, Georgia. West Main contracted with A1Contracting, LLC to install landscaping materials at the project, and A1 contracted with SiteOne to obtain those landscaping materials. After A1 failed to pay amounts owed to SiteOne for the materials it had supplied, SiteOne filed a claim of lien in the amount of $148,723.10 on the property owned by West Main. SiteOne then filed a lien action against West Main and, two days later, filed its notice of commencement of lien action against West Main.[1] In between SiteOne's filing of a claim of lien and its suit against West Main, A1 filed a bankruptcy petition. After filing the lien action against West Main, SiteOne filed a proof of claim in A1's bankruptcy proceeding, seeking the same amounts being sought in the action against West Main. SiteOne did not file a notice of commencement of action related to its filing of a proof of claim in the bankruptcy proceeding.

West Main moved for summary judgment on several grounds, one of which was SiteOne's failure to file a notice of commencement of action with respect to its proof of claim, which it argued extinguished SiteOne's lien rights against West Main. The trial court denied West Main's motion on that basis, concluding that SiteOne had

[1] The notice of commencement of lien action against West Main is not included in this appellate record but was included with the application for interlocutory appeal, and its contents are not disputed by West Main.

complied with the notice requirements of OCGA § 44-14-361.1 (a) (4) and that, under the facts of this case, was not also required to file a notice of commencement of action under OCGA § 44-14-361.1 (a) (3) after filing a proof of claim in A1's bankruptcy case. West Main appeals from that ruling.

OCGA § 44-14-361.1 sets out the requirements for creating and enforcing a materialman's lien. The lien must be created and declared in accordance with the statute's provisions, and "on failure of any of them the lien shall not be effective or enforceable[.]" OCGA § 44-14-361.1 (a).

Subsection (a) (3) provides that in order to enforce a lien against a property owner, a lien holder must first commence an action against the defaulting contractor to recover the amount of its claim within one year.[2] Subsection (a) (4), however, relieves the lien holder from this requirement when, as here, the contractor is bankrupt.[3] In that situation, the lien holder "may enforce the lien directly against the property so improved in a lien action against the owner thereof, if filed within the

---

[2] If the lien is contested, the lien action must be filed within 60 days of receipt of the notice of contest. OCGA § 44-14-368 (a).

[3] "It has been held that the filing of a bankruptcy petition brings a contractor within the meaning of the "adjudicated a bankrupt" language of OCGA § 44-14-361.1 (a) (4)." *SAKS Assoc. v. Southeast Culvert, Inc.*, 282 Ga. App. 359, 362 (1) (638 SE2d 799) (2006).

required time period for filing a lien action" against the defaulting contractor. OCGA § 44-14-361.1 (a) (4). And "[w]ithin 30 days after filing such lien action, the party claiming the lien shall file a notice with the clerk of the superior court of the county wherein the subject lien was filed." OCGA § 44-14-361.1 (a) (4).

In this appeal, West Main is not challenging SiteOne's compliance with the filing and notice requirements of subsection (a) (4). Instead, West Main argues that SiteOne commenced a separate lien action under subsection (a) (3) by filing its bankruptcy proof of claim, and that when it failed to give the notice of commencement required under that subsection, its lien became unenforceable.

West Main is correct that the filing of a proof of claim in a contractor's bankruptcy proceeding can constitute commencement of a lien action against the contractor under OCGA § 44-14-361.1 (a) (3). See *Melton v. Pacific Southern Mtg. Trust*, 241 Ga. 589, 592 (247 SE2d 76) (1978); see also OCGA § 44-14-360 (2.1) (definition of "lien action" includes proof of claim in a bankruptcy case). And subsection (a) (3) has the same notice of commencement requirements as found in subsection (a) (4). To support its argument that SiteOne's failure to comply with subsection (a) (3)'s notice requirements rendered its lien unenforceable, West relies

4

primarily on *Action Concrete v. Portrait Homes--Little Suwanee Point*, 285 Ga. App. 650 (647 SE2d 353) (2007).

In that case, Action Concrete, a subcontractor, supplied materials to a contractor for improvements made to property owned by Portrait Homes-Little Suwanee Point, LLC, and when the subcontractor failed to pay amounts owed to Action Concrete, it filed a claim of lien. *Action Concrete*, 285 Ga. App. at 650-651. That same day, the contractor filed for bankruptcy, and Action Concrete later filed a proof of claim in the bankruptcy proceedings. Id. at 651. Action Concrete did not, however, file a timely notice of that action, as required by OCGA § 44-14-361.1 (a) (3). Id. Months later, Action Concrete filed a lien action against Portrait Homes' property. Id.

The trial court dismissed Action Concrete's lien claim for failure to file a notice of commencement, and Action Concrete appealed, arguing in part that its lien claim against Portrait Homes was pursued under OCGA § 44-14-361.1 (a) (4), not OCGA § 44-14-361.1 (a) (3), and that its failure to comply with the notice requirements of subsection (a) (3) had no bearing on its lien against Portrait Homes. Id. at 653 (2). In affirming the trial court, this Court held that

[o]nce Action Concrete chose to commence an action against the contractor pursuant to OCGA § 44-14-361.1(a) (3) by filing a proof of claim but then failed to file a notice of commencement as required by that statutory subsection, its lien claim was eternally extinguished and could not be revived in a subsequent action brought against the property owner pursuant to OCGA § 44-14-361.1 (a) (4).

Id. at 653-654 (2).

We agree with the trial court that *Action Concrete* is distinguishable. Here, SiteOne could have elected to file a proof of claim in A1's bankruptcy proceeding before pursuing West Main, as Action Concrete had done. In that situation, SiteOne would have been required to file a timely notice of commencement under subsection (a) (3) to avoid losing its ability to enforce its lien against West Main's property. Instead, SiteOne chose to "enforce the lien directly against the property so improved in a lien action against the owner thereof." OCGA § 44-14-361.1 (a) (4); see generally *SAKS Assoc. v. Southeast Culvert*, 282 Ga. App. 359, 361 (1) (638 SE2d 799) (2006) ("Under certain circumstances, including the bankruptcy of the contractor, the materialman need not commence an action against the contractor and may instead bring an action directly against the property owner."). After commencing its action against West Main, SiteOne filed the notice of commencement required by

6

subsection (a) (4). At that point, SiteOne had satisfied the filing and notice requirements for enforcing its lien against West Main's property.[4] The fact that it later filed a proof of claim in A1's bankruptcy proceeding did not require it to then comply with the notice requirement of subsection (a) (3) because, at that point, such notice was not a prerequisite to enforcing the lien against the improved property.[5] Moreover, a second notice was not needed to achieve the purpose of the notice requirement, which is "to protect persons dealing with the real estate against which the lien was claimed." (Citation and punctuation omitted.) *Washington Intl. Ins. Co. v. Hughes Supply*, 271 Ga. App. 50, 53 (1) (609 SE2d 99) (2004).

We recognize that "statutes involving materialman's liens must be strictly construed in favor of the property owner and against the materialman." *Palmer v. Duncan Wholesale*, 262 Ga. 28, 30 (1) (413 SE2d 437) (1992). But even under that

---

[4] West Main challenged the timeliness of the claim of lien below and the trial court assumed, without deciding, that the claim had been filed within 90 days of the date on which the last materials were supplied to A1 for the West Main project, as required by OCGA § 44-14-361.1 (a) (2). West Main has not enumerated as error the trial court's assumption, and we therefore do not address the issue here.

[5] We note that SiteOne's claim against A1 through its bankruptcy proceeding may ultimately inure to the benefit of West Main as whatever SiteOne recovers from A1 will correspondingly reduce the liability of West Main.

7

strict construction, the trial court did not err in ruling that SiteOne was not required to file a subsection (a) (3) notice of commencement under these circumstances.

*Judgment affirmed. Dillard, P. J., and Pipkin, J., concur*.