76988. STONEPECKER, INC. et al. v. SHEPHERD CONSTRUCTION COMPANY, INC. et al.
(373 SE2d 295)

McMURRAY, Presiding Judge.

Stonepecker, Inc. ("Stonepecker") filed a claim of lien against real property owned by Cobb Place Associates, L.P. for amounts allegedly owed Stonepecker by Shepherd Construction Company, Inc. ("Shepherd"). Shepherd obtained a bond from St. Paul Fire & Marine Insurance Company, Inc. ("St. Paul") to discharge the lien pursuant to OCGA § 44-14-364. Stonepecker later filed an action against Shepherd and St. Paul, seeking in part to recover on the bond based on Shepherd's alleged failure to pay for the use of "rock crushing" equipment provided to Shepherd by Stonepecker. Metro Construction Equipment Company ("Metro") intervened and alleged that it leased some of the "rock crushing" equipment used by Shepherd to Stonepecker and that it has not been paid for the use of said equip-

ment. Metro sought quantum meruit recovery against Shepherd based on a theory that Shepherd "was a direct beneficiary of said leased equipment."

Shepherd and St. Paul denied the material allegations of Stonepecker's complaint and Metro's "INTERVENER COMPLAINT" and defended against Stonepecker's claim under the bond, asserting that Stonepecker failed to comply with the provisions of OCGA § 44-14-361.1. Subsection (a) of this Code section provides in pertinent part that "[t]o make good [mechanics' and materialmen's liens], they must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective and enforceable: . . . (3) The commencement of an action for the recovery of the amount of [the party's] claim within 12 months from the time the same shall become due . . ."

Upon Shepherd's and St. Paul's motion for summary judgment, the undisputed evidence showed that Stonepecker initiated the action to recover on its claim more than 12 months after the time the claim became due. From this and other evidence adduced by the parties, the trial court granted summary judgment in favor of Shepherd and St. Paul on all claims asserted by Stonepecker and Metro. This appeal followed. *Held*:

Stonepecker and Metro appeal jointly and challenge the trial court's holding with regard to Stonepecker's claim against the bond. The controlling issue in this appeal is whether Stonepecker can sustain its action against the bond more than 12 months after its claim became due.

In *M. Shapiro & Sons v. Yates Constr. Co.*, 140 Ga. App. 675, 677 (231 SE2d 497), this court set forth that "a lienor suing on the bond would have to establish his rights to a lien including filing within the 90-day period and suing within the statutory twelve-months time." Notwithstanding, Stonepecker and Metro argue in the case sub judice that this court's recent decision in *Burgess v. Travelers Indem. Co.*, 185 Ga. App. 82 (363 SE2d 308), eliminates this "procedural" requirement. We do not agree.

In *Burgess*, this court held that a party asserting a claim under a lien was not required to comply with the notice of suit provision of OCGA § 44-14-361.1 (a) (3) after release of the lien under OCGA § 44-14-364. The basis of this holding was that the notice of suit filing was no longer a necessary procedural method of protecting persons interested in dealing with the real estate since the lien had been released by the bond. *Burgess v. Travelers Indem. Co.*, 185 Ga. App. 82, 83, supra. In the case sub judice, the 12-month statutory period is not merely a procedural statute of limitation intended to protect persons interested in dealing with the property, it is a *condition precedent* to the creation of a substantive right, i.e., the creation of the lien. *Lee v.*

*Stokes*, 135 Ga. App. 642, 645 (218 SE2d 654). As such, " ' "the commencement of the action within the [statutory 12-month period] is an indispensable condition of the liability and of the action which it permits." 34 AmJur 16, par. 7 . . .' *Gulden v. Berman*, [82] Ga. App. 580, 581-582 (61 SE2d 692)." *Lee v. Stokes*, 135 Ga. App. 642, 644, supra. Consequently, since it is undisputed that Stonepecker failed to bring an action on its claim within 12 months of the time the claim became due, its action against the bond must fail. See 28 Mercer Law Review 207, 220 (1976). The trial court did not err in granting Shepherd and St. Paul's motion for summary judgment as to Stonepecker's claim against the bond.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 22, 1988.

*Richard L. Roble, Gene A. Shaffer*, for appellants.

*David Flint, Timothy C. Batten, Marshall L. Helms, Jr.*, for appellees.