A89A1115. HARDEE et al. v. SPIVEY.
(387 SE2d 430)

CARLEY, Chief Judge.

On January 26, 1987, appellee-defendant filed a materialman's lien against appellant-plaintiff's property. According to its terms, the lien was for satisfaction of a claim which became due on January 5, 1987. On October 14, 1987, appellants filed a bond for discharge of the lien on their property. On July 25, 1988, appellants filed a petition seeking release of their bond. Appellants' petition alleged, in material part, that "[o]ne year having passed since [appellee's] claim came due (January 5, 1987), and no notice of suit being on the record, said lien is dissolved by operation of law. See OCGA § 44-14-361.1 (a) (3)." Attached to their petition was a certified copy of their bond.

Appellee answered, admitting the allegations of appellants' petition, and he also filed a counterclaim. As to the main action seeking release of their bond, appellants moved for partial judgment on the pleadings. See generally *First Nat. Bank in Elberton v. Osborne*, 233 Ga. 602, 604 (1) (212 SE2d 785) (1975). The trial court denied appellants' motion, but certified its order for immediate review. This appeal results from the grant of appellant's application for an interlocutory appeal from the denial of their motion for partial judgment on the pleadings.

" ' "For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Conclusions of law are not admitted. . . ." [Cit.] [T]he question here is whether the undisputed facts appearing from the pleadings show [appellants are] entitled to judgment as a matter of law.' [Cit.]" *Christner v. Eason*, 146 Ga. App. 139-140 (245 SE2d 489) (1978). Since this lien action involves a bond, the admitted allegation of appellants' petition regarding appellee's failure to file *notice* of suit is irrelevant and would not authorize the grant of appellant's motion. See *Burgess v. Travelers Indem. Co.*, 185 Ga. App. 82 (363 SE2d 308)

(1987). What would be relevant and would authorize the grant of appellants' motion is an admitted allegation that appellee had failed to *commence* an action for the recovery of the amount of his claim within 12 months of the time that his claim became due. See *Stonepecker, Inc. v. Shepherd Constr. Co.*, 188 Ga. App. 513 (373 SE2d 295) (1988). There is, however, no such admitted allegation. Appellants' petition alleged only that one year had passed since appellee's claim became due and that no notice of suit had been filed. It did not allege that one year had passed and that appellee had not commenced an action on this claim within that one-year period. It may very well be true that appellee has failed to commence a timely action on his claim, but such undisputed fact is not demonstrated by the allegations of the pleadings. Accordingly, the trial court did not err in denying appellants' motion for partial judgment on the pleadings.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 18, 1989.

*Charles R. Hager III*, for appellants.
*S. Lee Storesund*, for appellee.