S91G0484. PALMER et al. v. DUNCAN WHOLESALE, INC.
(413 SE2d 437)

FLETCHER, Justice.

We granted a writ of certiorari to the Court of Appeals in *Duncan Wholesale v. Palmer*, 198 Ga. App. 255 (401 SE2d 291)

(1990) to consider whether a materialman, who has lost his lien for failure to comply with the notice requirement of OCGA § 44-14-361.1 (a) (3), may take advantage of a subsequent bankruptcy filing by the contractor and breathe new life into the lien by proceeding under OCGA § 44-14-361.1 (a) (4). We hold that he cannot and reverse the decision of the Court of Appeals.

The Palmers contracted for the construction of a residence with the contractor to be responsible for furnishing all of the labor and materials used in the construction. Duncan Wholesale, Inc. ("Duncan") supplied the contractor with some of the materials used,[1] however, the contractor did not fully pay Duncan for the materials it had supplied.

Pursuant to OCGA § 44-14-361.1 (a) (2), Duncan filed for record a statutory claim of lien against the improved property owned by the Palmers and the holders of the security deed (hereinafter collectively referred to as the "owners"). Thereafter, pursuant to OCGA § 44-14-361.1 (a) (3), Duncan filed a suit on account against the contractor, who was alive and living in Georgia at that time. However, in filing the suit on account, Duncan failed to file the notice required by sub-paragraph (a) (3).[2] Shortly after the complaint was served upon him, the contractor filed for bankruptcy protection. Duncan then filed an action in rem against the improved property, pursuant to OCGA § 44-14-361.1 (a) (4), seeking to enforce its lien directly against the property.

The owners sought to have the latter action dismissed arguing that Duncan's failure to file the notice required by OCGA § 44-14-361.1 (a) (3) in the suit against the contractor was fatal to the commencement of Duncan's subsequent action in rem. The trial court agreed and dismissed the action. Duncan appealed and the Court of Appeals reversed the trial court's dismissal, holding that the failure to file the notice required by OCGA § 44-14-361.1 (a) (3) in the action against the contractor was not fatal to the present action because Duncan was no longer proceeding under that subparagraph but was now proceeding under subparagraph (a) (4).

1. A materialman's lien effectively permits the transfer of liability from the person who actually contracted with the materialman for materials to be used in improving real estate to the owner of the improved property, even though that property owner usually will have

---

[1] In supplying materials to the contractor, Duncan complied with OCGA § 44-14-361.1 (a) (1).

[2] The actions involved in this litigation took place in 1988 and 1989 and, at that time, the notice required by OCGA § 44-14-361.1 (a) (3) had to be filed as follows:

. . . at the time of filing such action, the party claiming the lien shall file a notice with the clerk of the superior court of the county wherein the subject lien was filed.

no relationship with the materialman, contractual or otherwise. Consequently, we have long recognized that statutes involving materialman's liens must be strictly construed in favor of the property owner and against the materialman. *Green v. Farrar Lumber Co.*, 119 Ga. 30, 32-33 (46 SE 62) (1903). The introductory language of OCGA § 44-14-361.1 (a) provides:

> To make good the liens specified in paragraphs (1) through (8) of subsection (a) of Code Section 44-14-361, they must be created and declared in accordance with the following provisions, *and on failure of any of them the lien shall not be effective or enforceable.*

(Emphasis supplied.)

Duncan complied with the provisions of subparagraphs (a) (1) and (a) (2) and then proceeded to file an action against the contractor for recovery of the amount of its claim as required by subparagraph (a) (3). However, in filing such action, Duncan failed to file the notice with the superior court clerk required by subparagraph (a) (3). In so doing, Duncan failed to follow the statutory provisions required "[t]o make good the [lien]" and, because of such failure, "the lien shall not be effective or enforceable." OCGA § 44-14-361.1.

At that moment, Duncan lost its ability to ever enforce its claim of lien against the improved property. The contractor's subsequent filing for bankruptcy protection did nothing to revive Duncan's ability to enforce its claim of lien directly against the improved property. Had Duncan filed the notice required by subparagraph (a) (3) when it filed suit against the contractor, the only effect of the contractor's subsequent bankruptcy filing would have been to relieve Duncan of the necessity of obtaining a judgment against the contractor before proceeding to obtain an in rem judgment against the improved property. OCGA § 44-14-361.1 (a) (4).

2. Contrary to the assertions of Duncan, the procedural posture of this case distinguishes it from *Noland Co. v. Ford Motor Co.*, 258 Ga. 469 (369 SE2d 910) (1988). In *Noland*, the materialman had complied with the provisions of subparagraphs (a) (1) and (a) (2) but had proceeded no further in perfection of its lien prior to the time the contractor filed for bankruptcy protection. In such circumstances, the statute relieves the necessity of suit against the contractor under subparagraph (a) (3) as any such action would be precluded by the bankruptcy and, therefore, the materialman has no obligation to comply with the notice provisions of subparagraph (a) (3).

Here, the materialman had proceeded under subparagraph (a) (3) before the contractor filed for bankruptcy. Unfortunately for the materialman, it had not followed the notice provisions of subparagraph

(a) (3). This failure to comply with the statute extinguished the materialman's right to a lien against the real estate. The contractor's subsequent bankruptcy filing could not breathe new life into the extinguished right to a lien so as to give the materialman another bite at the apple it had missed on its first bob. This rationale comports with the precept that materialman's liens and the law providing for them must be strictly construed.

We hold that Duncan's failure to comply with the notice provisions of subparagraph (a) (3) was a defect fatal to its right to ever enforce its claim of lien directly against the real estate. The Court of Appeals erred by reversing the trial court's dismissal of Duncan's action in rem. .

*Judgment reversed. Clarke, C. J., Weltner, P. J., Bell, Hunt and Benham, JJ., concur.*

DECIDED FEBRUARY 13, 1992 —
RECONSIDERATION DENIED MARCH 4, 1992.

*W. Morgan Akin, Kelley A. Dial,* for appellants.
*Greene & Greene, Barry B. Greene,* for appellee.