A96A0619. METROMONT MATERIALS CORPORATION
v. CARGILL, INC.
(473 SE2d 498)

JOHNSON, Judge.

Cargill, Inc., contracted with Henschien, Johnson & Crombie, Inc. ("HJC"), for the construction of a poultry processing plant on Cargill's property. In turn, HJC contracted with Metromont Materials Corporation to provide concrete for the project. HJC immediately assigned its general contractor role to Henschien, Johnson & Crombie of Georgia, Inc. ("HJC-Georgia"). Metromont provided the materials as agreed. When neither HJC nor HJC-Georgia paid as agreed, Metromont filed a claim of lien against Cargill's property. Cargill filed an interpleader and declaratory judgment action against Metromont. On February 14, 1995, Metromont filed an answer and counterclaim wherein it sought to foreclose on its lien claim against Cargill and asserted a cross-claim against HJC-Georgia to recover the amount of its lien claim. Although required by statute to do so, Metromont did not file a notice that it commenced the lien action within 14 days of asserting the cross-claim. See OCGA § 44-14-361.1

(a) (3). In July 1995, after being notified that the lien claim was defective because the notice was not timely filed, Metromont dismissed and refiled its cross-claim against HJC-Georgia and also filed a cross-claim against HJC. This time, Metromont filed notices of the commencement of the actions within 14 days. Despite the refiling and notice, Cargill moved for partial summary judgment on Metromont's lien claim, arguing that Metromont forever lost its right to enforce the lien by failing to file notice of the action within 14 days of commencing the first action. Metromont appeals from the trial court's grant of that motion. For the reasons that follow, we affirm.

For a materialman's lien to be enforceable, it must be created and declared in accordance with the provisions set forth in OCGA § 44-14-361.1; on failure of any of the provisions, the lien is not effective or enforceable. OCGA § 44-14-361.1 (a). Those provisions require that (1) the materialman substantially complies with the contract; (2) he files his claim of lien within three months after completing the work; and (3) he commences an action for the recovery of the amount of his claim within 12 months after it becomes due *and he files a notice of the action with the clerk of court within 14 days after commencing the action*. "The lien comes into potential existence only when the statute is satisfied," and if there is a failure to satisfy the statute, the lien is inoperative. *L & W Supply Corp. v. Whaley Constr. Co.*, 197 Ga. App. 680, 681 (399 SE2d 272) (1990). It is undisputed that no notice was filed within 14 days after Metromont filed its initial action against HJC-Georgia. Because filing notice is a prerequisite to enforcing a lien, Metromont's right to enforce the lien based on that action was lost as of the fifteenth day after it commenced its action against HJC-Georgia. See *Frank Woods Constr. Co. v. Randi*, 177 Ga. App. 438 (1) (339 SE2d 406) (1986). The filing of the subsequent actions did not revive Metromont's lien rights.

In *Palmer v. Duncan Wholesale*, 262 Ga. 28 (413 SE2d 437) (1992), the Supreme Court addressed a very similar issue. In that case, Duncan sought to enforce a materialman's lien against Palmer, the property owner, pursuant to OCGA § 44-14-361.1. Duncan complied with the statute in terms of filing a claim of lien and filing a suit against the contractor, but failed to file the notice required by subparagraph (a) (3). Palmer filed for bankruptcy protection, and Duncan then filed an in rem action pursuant to OCGA § 44-14-361.1 (a) (4) in order to enforce its lien directly against the property. The court held that Duncan could not attempt a second time to enforce the lien because its failure to follow the notice requirement set forth in the lien statute the first time rendered the lien ineffective and unenforceable. When it missed the notice filing deadline, "[a]t that moment, Duncan lost its ability to ever enforce its claim of lien against the improved property*. The contractor's subsequent filing for

bankruptcy protection did nothing to revive Duncan's ability to enforce its claim of lien directly against the improved property." (Emphasis supplied.) Id. at 30. The court held that the failure to comply with the statute extinguished the materialman's right to a lien against the property and that the subsequently filed action "could not breathe new life into the extinguished right to a lien so as to give the materialman another bite at the apple it had missed on its first bob. . . . Duncan's failure to comply with the notice provisions of subparagraph (a) (3) was a defect fatal to its right to *ever* enforce its claim of lien against the real estate." (Emphasis supplied.) Id. at 31. Similarly, by failing to file the required notice within 14 days of the action, Metromont lost its right to enforce its lien.

Metromont's attempts to distinguish *Palmer* are unpersuasive. Although the lien claimant in *Palmer* did not dismiss and refile the action, and then give the required notice, this distinction is insignificant. As the Supreme Court pointed out in *Palmer*, the lien claimant's rights to enforce the claim of lien were extinguished when the notice requirement went unmet. Thus, *any* action Metromont took to enforce the lien after the notice period expired was ineffectual. Having determined that its lien enforcement rights were extinguished as a result of Metromont's failure to comply with the notice requirement, we need not reach the issue of whether HJC and HJC-Georgia were alter egos of one another.

This result may seem harsh, but it is consistent both with the requirements of the lien statute, see OCGA § 44-14-361.1 (a), and with the longstanding principle that statutes involving materialman's liens must be strictly construed in favor of the property owner and against the materialman. *D & N Elec. v. Underground Festival*, 202 Ga. App. 435, 439 (4) (414 SE2d 891) (1992); see *Meco of Atlanta v. Super Valu Stores*, 215 Ga. App. 146, 149 (1) (449 SE2d 687) (1994). Inasmuch as no genuine issues of material fact remain as to whether Metromont can enforce its claim of lien against Cargill's property, the trial court did not err in granting Cargill's motion for partial summary judgment.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JUNE 4, 1996 —
RECONSIDERATION DENIED JUNE 25, 1996 —

*Morris, Manning & Martin, Bruce C. Smith, William J. Sheppard*, for appellant.
*Smith, Currie & Hancock, James F. Butler III, Raymond L. Mann III, Griffin, Cochrane & Marshall, Robert D. Marshall, Sha-*

piro, Fussell, Wedge, Smotherman & Martin, Herman L. Fussell, for appellee.