A99A1641. GWINNETT-CLUB ASSOCIATES, L.P. v. SOUTHERN ELECTRIC SUPPLY COMPANY, INC.
(529 SE2d 636)

ANDREWS, Presiding Judge.

Gwinnett-Club Associates, L.P. (Gwinnett-Club) appeals from the trial court's judgment entered after a bench trial, finding that Southern Electric Supply Company, Inc. (Southern Electric) had fully complied with OCGA § 44-14-361.1 of Georgia's Materialman's Lien Statute and granting it a judgment in rem against the real property owned by Gwinnett-Club. Because we conclude that Southern Electric was required to file a notice of commencement of suit against the contractor and failed to do so, we reverse.

The parties agreed to allow the trial court to decide this case on stipulated facts. A review of those facts shows that the case arose when Gwinnett-Club contracted with Cajun Electric (Cajun) to fur-

nish improvements for an apartment project. Cajun bought materials from Southern Electric totaling $70,997.23 but failed to pay for them. Southern Electric filed a materialman's lien against the improved property in Gwinnett County for the $70,997.23 on January 30, 1996, in accordance with OCGA § 44-14-361.1. On May 6, 1996, Southern Electric filed a complaint against Cajun in Clayton County State Court in accordance with OCGA § 44-14-361.1 (a) (3). But, Southern Electric did not comply with the requirement of OCGA § 44-14-361.1 (a) (3) that it file a notice of commencement of the action with the Superior Court of Gwinnett County, the county in which the lien was filed. Southern Electric claimed that it did not file the required notice because it received notice that Cajun had filed bankruptcy and the automatic stay provisions were in effect. The notice sent to all creditors stated that creditors were prohibited from taking certain actions against the debtor, among which were taking action against the debtor to collect money owed or starting or continuing foreclosure actions or repossessions.

Then, in accordance with OCGA § 44-14-361.1 (a) (4), Southern Electric filed this complaint in Cobb County against the property belonging to Gwinnett-Club. Southern Electric did file a notice of commencement of suit against Gwinnett-Club with the clerk of Superior Court of Gwinnett County.

Gwinnett-Club argued below and now argues on appeal that Southern Electric's failure to file a notice of commencement of the suit against Cajun precludes it from now enforcing its materialman's lien against Gwinnett-Club's property. We agree.

Once a lien has been filed, the lienholder must file suit against the account debtor within 12 months. OCGA § 44-14-361.1 (a) (3). Southern Electric filed suit against Cajun within the 12 months. Then, within 14 days of filing suit, the lienholder must file a notice of commencement of suit in the records where the lien is recorded. OCGA § 44-14-361.1 (a) (3). Southern Electric failed to do this.

OCGA § 44-14-361.1 (a) (4) provides that if the account debtor is adjudicated bankrupt and no final judgment can be obtained against it, then the lien claimant may file an action in rem against the property. This section also provides that the lien claimant must file a notice with the clerk of the superior court in the county where the lien was filed. There is no dispute that Southern Electric complied with the provisions for filing the in rem action.

We note first that a materialman's lien effectively permits the transfer of liability from the person who actually contracted with the materialman for materials to be used in improving real estate to the owner of the improved property, even though that property owner usually will have no relationship with the materialman, contractually or otherwise. Consequently, we have long recognized that the

statutes involving materialman's liens must be strictly construed in favor of the property owner and against the materialman. *Palmer v. Duncan Wholesale*, 262 Ga. 28, 29-30 (413 SE2d 437) (1992). Further, the materialman's statute requires strict compliance. *Womack Indus. v. B & A Equip. Co.*, 199 Ga. App. 660, 661 (405 SE2d 880) (1991). Before a materialman's lien can be allowed, the lien claimant must show compliance with all conditions of the statute. *Kwilecki v. Young*, 180 Ga. 602, 604 (180 SE 137) (1935); *Allied Elec. Contractors v. Kern & Co.*, 184 Ga. App. 747, 748 (362 SE2d 452) (1987). OCGA § 44-14-361.1 (a). Filing the notice of commencement of the action is a prerequisite to the enforceability of the lien, and at the time the lienholder fails to file the notice, the lien becomes unenforceable. *Palmer*, supra at 30-31; *Eurostyle v. Jones*, 197 Ga. App. 188 (397 SE2d 620) (1990).

Southern Electric claims that the automatic stay entered in Cajun's bankruptcy case prohibited the filing of the notice of commencement. We find nothing in Section 362 of the Bankruptcy Code which forbids the filing of the notice of commencement.

Section 362 operates as a stay in pertinent part as follows: any action or proceeding to recover a claim against the debtor or the property of the estate is stayed, as is the enforcement of any claim against the debtor or the property of the estate; also, any act to create, perfect or enforce any lien against the property of the debtor or the estate, and any act to collect or assess a claim against the debtor that arose before the commencement of the bankruptcy are stayed. 11 USC § 362.

There is nothing in Section 362 which prohibits the perfecting of a lien against property that does not belong to the debtor or to the bankruptcy estate. The notice is simply for the purpose of

> providing potential purchasers of the property such constructive notice as would enable them to determine whether the claim of lien, which would exist for only 12 months absent the filing of a suit to collect the underlying indebtedness within that period, was or was not still extant.

*Ford Motor Co. v. Noland Co.*, 186 Ga. App. 541, 542 (368 SE2d 763) (1988). Moreover, Southern Electric cites to no case law in support of this contention, and we find none.

Further, case law supports Gwinnett-Club's argument that when the notice of commencement in the first case was not filed, then the claim of lien was lost. In *Metromont Materials Corp. v. Cargill, Inc.*, 221 Ga. App. 853 (473 SE2d 498) (1996), Cargill contracted with Henschien, Johnson & Crombie of Georgia, Inc. (HJC) to build a plant on Cargill's property. HJC contracted with Metromont to supply concrete for the project. HJC then assigned its contractor role to

HJC-Georgia. Metromont filed a claim of lien against Cargill's property because it was never paid for the concrete it supplied. Cargill filed an interpleader and declaratory judgment action against Metromont. Metromont answered and cross-claimed against HJC-Georgia for the amount of the lien claim but did not file a notice of commencement. When Metromont discovered that its lien was ineffective for failure to file the notice, it dismissed and refiled the cross-claim against HJC-Georgia and also filed a cross-claim against HJC, with the appropriate notices of commencement. This Court held that as of the date the notice requirement went unmet, the lien was extinguished and any action Metromont took to enforce the lien after the notice period expired was ineffectual. Id. at 855.

In reaching its decision, this Court relied on *Palmer*, supra. In *Palmer*, the lienholder filed suit against the account debtor under OCGA § 44-14-361.1 (a) (3) but failed to file a notice of commencement. The account debtor later declared bankruptcy, and the lienholder filed an in rem action against the improved property under OCGA § 44-14-361.1 (a) (4). The court held that at the time the lienholder failed to follow the statutory provision requiring filing of a notice of commencement, the lien became unenforceable and the subsequent filing of an in rem action "could not breathe new life into the extinguished right to a lien. . . ." Id. at 31 (2). Southern Electric argues that the lienholder in *Palmer* did not receive notice of an automatic stay from the bankruptcy court before the time period for filing the notice elapsed. As discussed above, we see nothing in the automatic stay provision which prohibits the perfection of a security interest in the property of a third party.

Accordingly, in light of the requirement that statutes involving materialman's liens must be strictly construed in favor of the property owner and against the materialman, we conclude that once Southern Electric failed to file a notice of commencement of its action against the contractor, Cajun, the claim of lien was extinguished. Therefore, we reverse the trial court's judgment in rem against Gwinnett-Club's property.

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED FEBRUARY 11, 2000 —
RECONSIDERATION DENIED FEBRUARY 28, 2000 —

*Rachelson & White, Ira L. Rachelson,* for appellant.
*Dock H. Davis,* for appellee.