A00A0942. WEBER AIR CONDITIONING, INC. v. TRIPLE-R POOLER, INC. et al.
(538 SE2d 499)

RUFFIN, Judge.
Weber Air Conditioning, Inc. (Weber) attempted to enforce a materialman's lien against property owned by Triple-R Pooler, Inc. and Tri-Rivers Foods, L.P. (collectively Pooler). Pooler sued to have the lien canceled, arguing that Weber's failure to properly file notice of suit as required by OCGA § 44-14-361.1 (a) (3) rendered the lien unenforceable. The trial court granted Pooler's motion for summary judgment, and Weber appeals. For reasons that follow, we affirm.

The undisputed facts establish that Weber was a subcontractor for D & M Contractors, Inc., which was building a fast food restaurant on Pooler's property.[1] When D & M Contractors allegedly did not pay Weber, Weber filed a materialman's claim of lien against Pooler's property in the amount of $27,154. On July 30, 1997, Weber sued D & M to recover the $27,154. On August 1, 1997, in accordance with OCGA § 44-14-361.1 (a) (3), Weber filed a Notice of Lien Foreclosure against Pooler. The notice, however, did not comply with the requirements set forth in that Code section. Thus, on August 27, 1997, Weber voluntarily dismissed the original complaint and then refiled its complaint along with an amended Notice of Lien Foreclosure.[2]

On May 12, 1999, Pooler brought suit against Weber seeking to have the lien canceled. According to Pooler, Weber's failure to perfect

---

[1] Tri-Rivers, the original owner of the property, entered into the contract with D & M Contractors. Tri-Rivers apparently sold the property to Triple-R Pooler, Inc.

[2] Weber obtained a default judgment against D & M Contractors, but apparently has been unable to collect the judgment.

its notice following the filing of its first complaint served to extinguish the lien. Thus, Pooler asserted, Weber's claim of lien was "invalid, void, and unenforceable." The trial court agreed, concluding that the incorrect information in the first notice invalidated the lien as a matter of law. We agree with the trial court.

Under OCGA § 44-14-361.1 (a), liens "must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective or enforceable." "The lien comes into potential existence only when the statute is satisfied, and if there is a failure to satisfy the statute, the lien is inoperative."[3]

OCGA § 44-14-361.1 (a) (3) requires the party claiming the lien to file a notice of lien within 14 days of filing a claim to recover the amount of the lien. The notice must

> contain a caption referring to the then owner of the property against which the lien was filed and referring to a deed or other recorded instrument in the chain of title of the affected property. . . . The notice shall identify the court wherein the action is brought; the style and number of the action, including the names of all parties thereto; the date of the filing of the action; and the book and page number of the records of the county wherein the subject lien is recorded.[4]

Here, Weber acknowledges that in the first notice it filed, it failed to include all of the information required under OCGA § 44-14-361.1.[5] Accordingly, the lien was rendered unenforceable, as "failure to comply with the statute extinguished [Weber's] right to a lien against the real estate."[6]

Weber contends that, by refiling the complaint along with an amended notice, it should still be permitted to enforce the lien. Contrary to Weber's contention, however, the subsequently filed action "could not breathe new life into the extinguished right to a lien so as to give the materialman another bite at the apple it had missed on its first bob."[7]

Finally, Weber argues that the cases that hold that failure to comply with the lien statute extinguishes the lien do not apply. According to Weber, those cases do not involve an attempt to file an

---

[3] (Punctuation omitted.) *Metromont Materials Corp. v. Cargill, Inc.*, 221 Ga. App. 853, 854 (473 SE2d 498) (1996).

[4] OCGA § 44-14-361.1 (a) (3) also requires that the notice be made under oath, but failure to fulfill this requirement is an amendable defect.

[5] Specifically, the notice did not list the correct property owner, the correct defendant to the suit, or the correct book and page number where the lien was recorded.

[6] *Palmer v. Duncan Wholesale*, 262 Ga. 28, 31 (2) (413 SE2d 437) (1992).

[7] (Punctuation omitted.) *Metromont*, supra at 855.

amended notice within the applicable statute of limitation. Weber fails to recognize, however, that the time the second notice is filed is not at issue. As the Supreme Court makes clear, a materialman seeking to enforce a lien has but one bite at the apple.[8] By failing to make the most of that one opportunity, Weber is precluded from enforcing the lien.[9] Although, as we have noted, this result seems harsh, "it is consistent both with the requirements of the lien statute . . . and with the longstanding principle that statutes involving materialman's liens must be strictly construed in favor of the property owner and against the materialman."[10] As Weber's lien was unenforceable, the trial court did not err in granting Pooler's motion for summary judgment.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 18, 2000 ▮

*Karsman, Brooks & Callaway, Stanley E. Harris, Jr.*, for appellant.

*McCorkle, Pedigo & Johnson, David H. Johnson, Amy E. Edgy*, for appellees.

---

[8] See *Palmer*, supra. See also *Consolidated Systems v. Amisub, Inc.*, 261 Ga. 590, 591 (1) (408 SE2d 109) (1991) (defective notice renders lien unenforceable).

[9] See *Gwinnett-Club Assoc. v. Southern Elec. Supply Co.*, 242 Ga. App. 507, 509-510 (529 SE2d 636) (2000) (when notice not filed, claim of lien is lost).

[10] *Metromont*, supra.