## A00A2566. FEW v. CAPITOL MATERIALS, INC.
(543 SE2d 102)

ELDRIDGE, Judge.

Appellee-plaintiff Capitol Materials, Inc. ("Capitol") filed a materialman's lien due to the failure to pay for specific building materials it delivered to the property of appellant-defendant Joseph A. Few, Jr. for improvements thereon. Few discharged the lien by filing a bond. Subsequently, Capitol commenced this action against Few to recover on the bond. The trial court granted summary judgment to Capitol. Few appeals. On de novo review, we find no error and affirm.

1. Few contends that he is an improper party to this action; that Capitol failed to pursue the contractor to whom the materials were sold; and that the trial court thus erred in entering judgment against him. We do not agree.

This was not an action on the lien. This was an action to recover on the bond filed by Few. The bond at issue stated that "Joseph A. Few, Jr., as Principal, is bound unto Capitol Materials, Incorporated, in the just and full sum of . . . $2,016.63." Thus, the bond provided the necessary contractual link between Capitol and Few individually.[1] "Because the materialman may sue the principal and the surety jointly, or at his option he may sue either the principal or the surety alone, the . . . contractor was not an indispensable party."[2] The trial court did not err in granting summary judgment on this ground.

2. Next, Few contends Capitol did not show that the dry wall

---

[1] *Hendricks v. Blake & Pendleton, Inc.*, 221 Ga. App. 651, 652 (472 SE2d 482) (1996).
[2] (Citations and punctuation omitted.) Id.

materials at issue were actually delivered to the construction site and used to improve his property. Again, we must disagree.

In the instant case, Few does not contend the materials were *not* delivered and used to improve his property, and he has presented no evidence to indicate the materials were not so delivered and used. Instead, Few "merely dispute[s] the sufficiency and accuracy of [Capitol's] evidence."[3] In that regard, Capitol submitted a shipping invoice which showed that the specific dry wall materials at issue were delivered to Lot 52, Bramble Oaks, which Few admits was his property.[4] The invoice was signed by the persons who delivered the materials.

> Materials are presumed to be used on a particular construction project when it is shown that the materials were delivered to the project for that purpose. . . . [Capitol] presented evidence in the form of [a] shipping ticket[ ] indicating the delivery of [the specific materials] for use on [Few's property]. There are no other shipping tickets which show that the [specific material] was shipped to a [property] other than [Few's property].[5]

When a motion for summary judgment is submitted and supported by evidence, the adverse party may not rest on his case as made, but must set forth specific facts to show there is a genuine issue for trial. The burden of proof is shifted when the moving party makes a prima facie showing that it is entitled to judgment as a matter of law. "At that time the opposing party must come forward with rebuttal evidence or suffer judgment against him."[6]

Here, the record contains no evidence which rebuts the presumption created by the signed delivery invoice that the materials were delivered and used on Few's property, especially since Few does not claim the materials were not so delivered and used.[7] Accordingly, the trial court's grant of summary judgment was not error.

3. We find no merit to Few's contention regarding the deficiency of notice under OCGA § 44-14-361.1 (a) (4). When Few posted the bond, the real property was discharged from the lien. "The bond served as a replacement for the lien, and there was no longer any lien

---

[3] (Citations and punctuation omitted.) *Elec. Distrib. v. Turner Constr. Co.*, 196 Ga. App. 359, 364-365 (395 SE2d 879) (1990).

[4] The lien was discharged when Few filed bond, thereby permitting the free transfer of the property which Few subsequently sold.

[5] *TDS Constr. v. Burke Co.*, 206 Ga. App. 223, 224 (1) (425 SE2d 359) (1992). See also *Sanford v. Hodges Builders Supply*, 166 Ga. App. 86, 87 (2) (303 SE2d 280) (1983).

[6] (Citations and punctuation omitted.) *Elec. Distrib. v. Turner Constr. Co.*, supra at 365.

[7] *TDS Constr. v. Burke Co.*, supra at 224.

against the property to be foreclosed."[8] Capitol's claims were then predicated on the bond, and the "failure to file the notice required under OCGA § 44-14-361.1 (a) [(4)] is not a bar to recovery in this suit against [Few] on the bond."[9]

4. Few contends the trial court abused its discretion by refusing to reopen the discovery period so that Few could depose Capitol's Chief Financial Officer ("CFO"). However, Few has not shown an abuse of discretion. His contention that the CFO's affidavit provided the "only evidence of deliveries in the field" is contradicted by the record which contains the shipping invoice showing delivery to Few's property. A trial court has wide discretion to shorten, extend, or reopen the time for discovery, and its decision will not be reversed unless a clear abuse of that discretion is shown.[10] No such showing having been made, this contention provides no basis for reversal.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 29, 2000 — 

*King & Croft, Terrence L. Croft,* for appellant.
*Rachelson & White, Ira L. Rachelson,* for appellee.

---

[8] *Benning Constr. Co. v. All-Phase Elec. Supply Co.*, 206 Ga. App. 279, 280 (424 SE2d 830) (1992).

[9] *All Phase Elec. Supply Co. v. Foster & Cooper, Inc.*, 193 Ga. App. 232, 233 (2) (387 SE2d 429) (1989); *Hardee v. Spivey*, 193 Ga. App. 234 (387 SE2d 430) (1989); *Burgess v. Travelers Indem. Co.*, 185 Ga. App. 82, 84 (363 SE2d 308) (1987).

[10] *Stewart v. Stewart*, 260 Ga. 812, 813 (400 SE2d 622) (1991).