**In the Matter of Terry Carl PERRY and Marilyn Miller Perry, Debtors.**

**Terry Carl Perry, Plaintiff,**

**v.**

**Puckett Foundations, Becky Jones, Randy Jones, Hon. Harry F. Rice, and Robert Lavender, Defendants.**

**Bankruptcy No. 03–31648 RFH. Adversary No. 04–3030.**

United States Bankruptcy Court, M.D. Georgia, Athens Division.

Aug. 4, 2004.

---

**3.** 673 F.2d 1250 (11th Cir.1982).

W. Ross McConnell, Athens, GA, for Plaintiff.

Brenda J. Renick, Athens, GA, for Puckett Foundations, Defendant.

### MEMORANDUM OPINION

ROBERT F. HERSHNER, JR., Chief Judge.

Puckett Foundations, Defendant, filed a motion for judgment on the pleadings on July 21, 2004. Terry Carl Perry, Plaintiff, filed a response on July 26, 2004. The Court, having considered the record and

the arguments of counsel, now publishes this memorandum opinion.

The Court, in considering the motion for judgment on the pleadings, will accept as true the well plead facts in Plaintiff's complaint. All reasonable inferences and intendments from these facts are drawn in favor of Plaintiff. C. Wright and A. Miller, 5A *Federal Practice and Procedure*, § 1368, p. 523–24 (1990).

Randy Jones and Becky Jones (hereafter "Jones") hired Plaintiff to construct an addition to their home. Plaintiff subcontracted with Puckett Foundations to provide materials and labor. Plaintiff received certain payments from the Jones. Plaintiff failed to pay his subcontractor, Puckett Foundations.

Plaintiff and his wife filed a joint petition under Chapter 13 of the Bankruptcy Code on September 17, 2003. The Jones and Puckett Foundations knew that Plaintiff had filed for bankruptcy relief. The Jones, on September 19, 2003, filed with the Magistrate Court of Madison County, Georgia, an Application For Warrant Issuance Hearing. The application alleges, in part, that Plaintiff had failed to pay Puckett Foundations. Puckett Foundations filed on October 3, 2003, a materialman's lien against the Jones's property for the purpose of collecting the debt owed by Plaintiff.

The Hon. Harry F. Rice, magistrate court judge, conducted a hearing on October 16, 2003, on the Jones's application for a warrant. Becky Jones testified that no criminal charges would be brought if Plaintiff paid the debt owed to Puckett Foundations and if the materialman's lien was removed. About one week later, Becky Jones told Plaintiff that Judge Rice would find probable cause to issue a warrant for Plaintiff's arrest unless he paid the debt to Puckett Foundations. Plaintiff filed a Plea in Stay with the magistrate court on October 23, 2003. Plaintiff's counsel told Judge Rice that Plaintiff's debt to Puckett Foundations was dischargeable in bankruptcy and that "the case lacked criminal culpability." Sometime later, Plaintiff learned that a criminal warrant for his arrest had been issued. Plaintiff surrendered to the Sheriff of Madison County on December 1, 2003. Plaintiff was released on bond.

Robert Lavender is the District Attorney for the Northern Judicial Circuit. Mr. Lavender caused Plaintiff to be indicted for the crime of theft by conversion on May 19, 2004.

Plaintiff filed this adversary proceeding on June 1, 2004.[1] Plaintiff contends that the defendants[2] conspired to willfully violate the automatic stay of the Bankruptcy Code. 11 U.S.C.A. § 362. Plaintiff contends that the defendants are using the criminal proceedings to collect a civil debt. Plaintiff seeks sanctions, injunctive relief, and damages. Puckett Foundations filed on July 1, 2004, a response to Plaintiff's complaint. Puckett Foundations, in its motion for judgment on the pleadings, seeks to be dismissed as a party defendant.

■ The automatic stay does not stay the commencement or continuation of a criminal action or proceeding against a debtor in bankruptcy. 11 U.S.C.A. § 362(b)(1) (West 1993).

"[C]riminal cases commenced solely to collect a debt are unaffected by the auto-

---

1. Plaintiff has filed a motion for leave to amend his complaint. The Court has considered the amendment in deciding the issues presented in this motion for judgment on the pleadings.

2. The defendants are Puckett Foundations, Becky Jones, Randy Jones, Hon. Harry F. Rice, and Robert Lavender.

matic stay." *Smith v. Goode (In re Smith)*, 301 B.R. 96, 100 (Bankr.M.D.Ga. 2003) (Walker, J.).

Under Georgia law, a contractor commits a felony if he, with intent to defraud, fails to use the proceeds of any payment made to him to pay subcontractors for improvements made to real property. The failure to pay subcontractors is prima-facie evidence of intent to defraud. O.C.G.A. § 16–8–15 (2003).

■ If a contractor fails to pay a subcontractor, the subcontractor may file a materialman's lien against the property. The materialman's lien must be filed within three months after the completion of the work or furnishing of materials. The subcontractor must also commence an action against the contractor to recover the amount of the claim. If the contractor has filed for bankruptcy relief, the subcontractor can commence an action directly against the property owner to enforce the lien without first commencing an action against the contractor. The judgment rendered is a judgment in rem against the property and imposes no personal liability upon the property owner. O.C.G.A. § 44–14–361.1 (2002); *Few v. Capitol Materials, Inc.*, 274 Ga. 784, 559 S.E.2d 429 (2002).

Plaintiff admits that he received payments from the Jones. Plaintiff admits that he failed to pay his subcontractor, Puckett Foundations. Puckett Foundations completed work at the Jones's property on July 7, 2003. Puckett Foundations filed its materialman's lien against the Jones's property on October 23, 2003. The materialman's lien was filed just four days prior to the expiration of the three month statutory period. The materialman's lien was filed against the Jones's property, not against Plaintiff or Plaintiff's property. Since Plaintiff has filed for bankruptcy relief, Puckett Foundations can enforce its lien against the property without first obtaining a judgment against Plaintiff.

The Court is not persuaded that Puckett Foundations violated the automatic stay by filing a materialman's lien against the Jones's property. Puckett Foundations was exercising its rights to collect from the property upon which improvements were made.

■ In *Barnette v. Evans*,[3] the Eleventh Circuit Court of Appeals "established a two-prong test for determining whether the court should enjoin a state criminal prosecution of a debtor on the ground that the prosecution will frustrate the bankruptcy judge's jurisdiction to discharge debt. First, a debtor must establish that the criminal prosecution is brought in bad faith. Second, a debtor must establish that it would be no defense to the criminal prosecution that the prosecution was brought for the purpose of collecting a debt." *Sheppard v. Piggly Wiggly (In re Sheppard)*, 2000 WL 33743081 (Bankr. M.D.Ga.2000) (Laney, J.).

*See also Anderson v. Greenway (In re Anderson)*, Ch. 13, Case No. 94–30637 (Bankr.M.D.Ga. July 31, 1996) (Hershner, J.).

■ Plaintiff, in his complaint, sets forth no facts to demonstrate that a "debt collection defense" could not be raised in the state court criminal proceeding. The Court is persuaded that Plaintiff is not entitled to injunctive relief. The Court is persuaded that Puckett Foundations' motion for judgment on the pleadings should be granted.

An order in accordance with this memorandum opinion shall be entered this date.

**3.** 673 F.2d 1250 (11th Cir.1982).