### A04A1198. WASHINGTON INTERNATIONAL INSURANCE COMPANY et al. v. HUGHES SUPPLY, INC.
#### (609 SE2d 99)

PHIPPS, Judge.

Hughes Supply, Inc. (Hughes) furnished material and equipment to New South Electric, Inc. (New South) an electrical subcontractor that worked on a construction project on which Motel Construction Management Group (MCM) was the general contractor. After New South failed to pay Hughes for the materials, Hughes filed suit against New South and filed a materialman's lien on the improved realty. MCM and its surety, Washington International Insurance Company (WIIC), discharged the lien by filing a bond. Hughes obtained a judgment against New South and then filed suit against MCM and WIIC to recover on the lien release bond. In awarding summary judgment to Hughes, the trial court rejected MCM and WIIC's argument that Hughes's purported failure to fully comply with the notice requirement of the lien statute barred Hughes from recovering on the bond. After review, we affirm.

This litigation arose from the vestiges of a construction project for a Comfort Inn in LaGrange. MCM engaged New South as its electrical subcontractor and paid New South for the electrical work. New South, however, failed to pay Hughes, its supplier. On October 4, 1999, Hughes filed a materialman's lien in Troup County, the site of the Comfort Inn. On October 15, 1999, Hughes filed suit against New South in Lowndes County.[1] Then, on October 26, 1999, Hughes filed a "Notice of Filing of Action for Claim on Mechanics' and Materialmen's Liens" in Troup County. Hughes's notice of filing accurately cross-referenced the lien "recorded in the Office of the

---

[1] MCM filed a separate suit in Lowndes County against New South.

Clerk of the Superior Court of Troup County at Deed Book 863, Page 626," properly identified the civil suit filed by Hughes against New South in Lowndes County, and correctly identified the current owner of the property as KSST Investments. The notice, however, contained what MCM and WIIC claim was an invalid or incomplete legal description of the underlying real property. To extricate the realty encumbered by Hughes's lien, MCM and WIIC filed a lien release bond in Troup County that discharged Hughes's lien.

Hughes obtained a judgment against New South then filed this action in Fulton County against MCM and WIIC to recover on the bond that discharged the lien. After MCM and WIIC contested the legal sufficiency of the notice of the action filed by Hughes in Troup County in October 1999, Hughes filed an amendment to that notice to include a reference to a specific recorded instrument in the chain of title of the realty against which Hughes had filed its lien.

Hughes moved for summary judgment. Asserting its right to recover on the bond, Hughes sought payment of the bond and requested a bad faith penalty and attorney fees. MCM and WIIC filed a cross-motion for summary judgment. They claimed that Hughes's lien had become ineffective and unenforceable as a result of its failure to strictly comply with OCGA § 44-14-361.1 (a) (3) in that Hughes did not timely file a nondefective notice of commencement of action.

The trial court granted summary judgment to Hughes as to the principal amount plus interest but denied its claim for bad faith attorney fees. After Hughes dismissed its claim for bad faith damages, the trial court entered final judgment in favor of Hughes. MCM and WIIC appeal the final judgment and the prior order denying their cross-motion for summary judgment that was effectively subsumed into the final judgment.

1. MCM and WIIC contend that Hughes's notice of commencement of action did not comply with the chain of title reference requirement of OCGA § 44-14-361.1; and that as a result of this failure, the lien became invalid and unenforceable as of the fifteenth day following the commencement by Hughes of its suit against New South. Specifically, MCM and WIIC claim that Hughes's notice contained a defective description of the real property so that Hughes failed to timely file a nondefective notice of commencement as required by OCGA § 44-14-361.1 (a) (3). The thrust of their argument is that "because Hughes's lien had already become void and unenforceable before the bond was filed, the lien itself had no validity and the bond releasing the lien was necessarily without effect."

In enacting OCGA § 44-14-361, the legislature created a detailed statutory scheme for regulating liens filed by materialmen who furnish supplies and materials for building, repairing, or improving property. To perfect a lien, the provisions of OCGA § 44-14-361.1 (a)

(1) through (3), as summarized below, require a materialman who has substantially complied with his contract to:

> (a) file a claim of lien in the county where the property is located within three months of furnishing the materials; (b) send a copy of the lien claim to the property owner; (c) commence an action against the contractor to recover the amount of the claim within 12 months of when the claim became due; and (d) file a notice of the action with the superior court clerk of the county where the lien was filed so that the clerk can enter information about the lawsuit in county records.[2]

When a property owner obtains a lien release bond, "the bond stands in the place of the real property as security for the lien claimant."[3] Nevertheless, even when a property owner obtains a discharge bond under OCGA § 44-14-364, "the lien claimant in an action on the bond must still comply with the statutory requirements for perfecting a lien, with one exception . . . and the principal and the surety on the bond are entitled to raise any defense that would have been available as a defense to the lien foreclosure."[4] The exception recognized by the Supreme Court is that lien claimants who sue to recover on the bond do not have to comply with the notice provision in subparagraph (a) (3) to perfect the lien.[5]

Here, MCM and WIIC assert that Hughes, the lien claimant, failed to file a proper notice of the action as required by subparagraph (3) of OCGA § 44-14-361.1 (a). They point out that subparagraph (3) requires that "[t]he notice shall contain a caption referring to the then owner of the property against which the lien was filed *and referring to a deed or other recorded instrument in the chain of title of the affected property*."[6] They argue that Hughes's notice was defective because it lacked a proper legal description identifying the real property by reference to a deed or other recorded instrument in the chain of title of the real property against which the lien was filed.

This argument is without merit. In *Few v. Capitol Materials*,[7] the Supreme Court embraced a line of cases that begin with *Burgess v. Travelers Indem. Co.*[8] which hold that a lien claimant who sues to

---

[2] (Footnote omitted.) *Few v. Capitol Materials*, 274 Ga. 784, 784-785 (1) (559 SE2d 429) (2002).

[3] (Footnote omitted.) Id. at 786 (1).

[4] (Footnote omitted.) Id.

[5] Id.

[6] (Emphasis supplied.) OCGA § 44-14-361.1 (a) (3).

[7] Supra at 786.

[8] 185 Ga. App. 82 (363 SE2d 308) (1987).

recover on a discharge bond does not have to comply with the notice of action provisions in subparagraph (a) (3) of OCGA § 44-14-361.1 to perfect his lien.[9] In reaching that result, the Supreme Court found persuasive the logic of *Burgess*[10] because no purpose would be served by requiring the filing of notice of the action against the contractor as a prerequisite to the suit on the bond.[11] As noted in *Burgess*, the purpose of filing such notice under subparagraph (a) (3) of the lien statute is "to protect persons dealing with the real estate against which the lien was claimed."[12] Since the notice provisions of the lien statute are designed to protect prospective purchasers from unknowingly buying property encumbered by liens, in a suit involving a bond that has already discharged the lien, a materialman's failure to file a notice of the action is immaterial.[13] For that reason, a materialman's failure to file proper notice of suit under OCGA § 44-14-361.1 (a) (3) does not bar a recovery in an action on the bond.[14] Therefore, regardless of the alleged defect in the notice of action that Hughes filed in superior court, its suit on the bond remained viable and the lien statute did not foreclose it.[15]

In excepting to the trial court's ruling, MCM and WIIC rely primarily upon two cases, neither of which has any application here. *Weber Air Conditioning v. Triple-R Pooler*,[16] is factually and legally distinguishable. In *Weber*, the owner of the property encumbered by a materialman's lien brought suit to extinguish that lien. That lawsuit was not an action instituted by a lien claimant to recover on a discharge bond. Also, in *Weber*, the notice of lien foreclosure was defective and failed to list (1) the correct property owner; (2) the correct defendant to the lawsuit; and (3) the correct book and page number on which the lien was recorded.[17] The lien claimant's failure to include this information rendered the lien unenforceable as a matter of law. This court held that the defective notice of lien foreclosure could not be corrected by filing an amended notice because "the subsequently filed action could not breathe new life into the extinguished right to a lien so as to give the materialman another

---

[9] *Few*, supra at 786.

[10] Supra.

[11] *Few*, supra at 786.

[12] (Citation omitted.) *Burgess*, supra at 83.

[13] *Hardee v. Spivey*, 193 Ga. App. 234 (387 SE2d 430) (1989).

[14] *All Phase Elec. Supply Co. v. Foster & Cooper, Inc.*, 193 Ga. App. 232, 233 (387 SE2d 429) (1989).

[15] See *Hardee*, supra; *All Phase*, supra.

[16] 245 Ga. App. 590 (538 SE2d 499) (2000).

[17] Id. at 591, n. 5.

bite at the apple it had missed on its first bob."[18] In this case, Hughes was not attempting to breathe new life into an extinguished lien that was unenforceable as a matter of law.

Nor does *Metromont Materials Corp. v. Cargill, Inc.*,[19] the other case upon which MCM and WIIC rely, authorize a different result. In *Metromont*, the lien claimant failed to file notice of suit with the clerk within 14 days after commencing suit against the subcontractor.[20] Because the filing of such notice is a mandatory prerequisite to the enforcement of a lien, as of the fifteenth day, Metromont, the would-be lien claimant, lost its right to enforce the lien against the property owner.[21] Here, the record shows that Hughes complied with the statutory requirement by filing its notice of the action within 14 days of filing its lawsuit against New South.

2. MCM and WIIC contend that the invalidity of Hughes's lien "before it was transferred to the bond to discharge lien" negated Hughes's claim on the bond. They point out that a discharge bond cannot "breathe new life into" an invalid lien. In light of our holding in Division 1, these arguments are moot.[22]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 13, 2004 —
RECONSIDERATION DENIED DECEMBER 15, 2004 —

*Thompson & Slagle, Jefferson B. Slagle, John D. Alexander*, for appellants.

*Pursley, Lowery & Meeks, Roy H. Meeks, Jr., Eric N. Van de Water, McManus & Graham, John C. McManus*, for appellee.

---

[18] (Punctuation and footnote omitted.) Id. at 591.

[19] 221 Ga. App. 853 (473 SE2d 498) (1996).

[20] Id. at 854.

[21] Id.

[22] MCM and WIIC may have waived the issue of compliance with statutory procedures. In Paragraph 11 of its amended complaint, Hughes claimed, "Hughes Supply has performed any and all other conditions precedent to the bringing of this action." WIIC responded, "Defendant Washington International admits the allegations contained in Paragraph 11 of the Plaintiff's Amended Complaint." See *Wahnschaff v. Erdman*, 232 Ga. App. 77, 78 (1) (502 SE2d 246) (1998) (under OCGA § 24-3-30, unless withdrawn, admissions in judicio in a party's pleadings bind that party).